# BALTIMORE CITY COURT

Filed July 31, 1889.

ADOLPH C. SHAFER ET AL., SURVIVING TRUSTEES,

VS.

WESTERN MARYLAND RAILROAD COMPANY.

*John Gill* and *J. Harry Preston* for plaintiff.

*Marshall & Hall* for defendant.

STEWART, J.—

This suit was brought by the plaintiffs to recover the sum of $75 for five coupons of $15 each, due 1st July, 1887, attached to five bonds of the Western Maryland Railroad Company.

Payment is resisted by the defendant because, by public notice, inserted in the daily newspapers of Baltimore City, twice a week, commencing with the 19th of November, 1886, and ending with the 3d of January, 1887, it called in the bonds to which the unmatured coupons were attached, for payment on 3d January, 1887, after which date, as set forth in said notice, interest was to cease on said obligations.

The Act of 1858, Chapter 420, authorized the company to issue bonds, redeemable prior to or within the year 1890, and the bonds to which the coupons in question were attached, upon their face, stated, that they were redeemable on or before the first day of January, 1890. The slight difference in phraseology between the words of the law and the bond does not affect the character of the latter, the meaning being substantially the same.

The bonds were issued to Joshua Link and Joseph Englar, and by them were put upon the market and sold. The present holders can claim no other rights than were acquired by those to whom the bonds were issued.

It would be unprofitable to enter into the question whether the form of the bonds and date of payment were in strict conformity with the law authorizing their issue. The fact, that they were issued, that those who received them were satisfied with their terms, and finally received payment of the amount promised on their face according to their tenor, show, that there was a general concurrence in their legality, and only reasons of a grave and weighty character, would justify a Court in deciding after all the objects of the company and its creditors had been accomplished that there was want of authority on the part of the defendant to issue the bonds.

While it is true that the company had had the right, under the terms of the contract, to pay the bonds before 1st of January, 1890, if it saw proper to do so, it was necessary that reasonable notice should be given to the holders of its intention to exercise this right. This notice, it does not seem to have given in this particular instance. Notice published in a newspaper, does not bring home knowledge to the party intended to be affected, unless it is shown that he takes the paper and reads it, or there is a reasonable probability, that he has, in some way acquired the information sought to be conveyed. The teller of the bank who paid the coupon for 1st of January, 1887, says that he gave a printed notice to each person who presented the coupon, that the bond had been called in for payment on 3d of January, 1887; but the person who presented the coupon for payment in this case says that he did not receive such notice. It seems to the Court very probable that the acting trustee, who is now deceased, must have known of the redemption of bonds, and yet it is possible that he may not have possessed the information; it is certain that the surviving trustee knew nothing about it. Without proof that one or the other knew of the fact that the bonds had been called in for payment, the Court must decide in favor of the plaintiff, and the judgment will be affirmed.